Filed 4/16/13  P. v. Ugwumba CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BUDDY OKECHKWEA UGWUMBA,<br><br>        Defendant and Appellant. | E055200<br><br>(Super.Ct.No. SWF1100522)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.  Affirmed with directions.

Patrick McKenna, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton, and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Defendant Buddy Okechkwea Ugwumba appeals judgment entered following jury

1

convictions for willful infliction of corporal injury (Pen. Code,[1] § 273.5, subd. (a); count 1) and assault with force likely to produce great bodily injury (former § 245, subd. (a)(1);[2] count 2). Defendant admitted a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). The trial court sentenced defendant to six years for count 1 and stayed sentencing on count 2 under section 654.

Defendant contends the trial court improperly failed to instruct the jury, on the lesser included offense of simple assault. Defendant also asserts that the abstract of judgment should be amended to reflect that he was convicted of assault with force likely to cause GBI, rather than assault with a deadly weapon. We affirm the judgment but agree the abstract of judgment must be corrected to state that defendant's count 2 conviction was for assault with force likely to cause GBI.

II

FACTS

On January 18, 2011, defendant visited Jane Doe, the mother of one of defendant's children. Doe and defendant's daughter lived with Doe's mother (grandmother). Grandmother was not home. Defendant arrived at around 11:00 a.m. to pick up his

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] The information alleges, and defendant was convicted of, assault by means of force likely to produce great bodily injury (GBI), in violation of section 245, subdivision (a)(1). Section 245, subdivision (a)(1), as amended effective January 2012, is limited to assault with a deadly weapon or firearm. Assault by means of force likely to produce GBI is now included in subdivision (a)(4) of section 245. Therefore reference in this opinion to section 245, subdivision (a)(1), is to the former statute in effect at the time defendant committed the crimes.

daughter. Defendant and Doe got into an argument in the living room. Defendant was upset at Doe because she had been talking to defendant's ex-girlfriend, M.C., the mother of one of defendant's other children. Doe laughed at defendant when he complained to her about talking to M.C.

As defendant became increasingly angry at Doe, he grabbed Doe's hair, pushed her, and pulled her into the kitchen. When he let go of her hair, Doe ran into her bedroom and locked the door. Defendant kicked the door open and broke the lock. Doe ran into grandmother's bedroom and locked the door. Defendant broke the door open, grabbed Doe by the arm, pulled her into the hallway, and slammed her against the wall. Doe ran down the hallway to the living room to hold her daughter, who was about one year old. Defendant followed Doe and put his hands on Doe's neck, making it difficult for Doe to breath. Doe began losing consciousness and fell down in the living room. Defendant kicked Doe in the stomach. Doe threatened to call the police.

Defendant left the house but returned about a minute later. Doe put down her daughter as defendant approached Doe in a rage. Defendant grabbed Doe's neck. Doe could not breathe. Their daughter screamed and cried. Doe lost consciousness and vomited on the carpet. Defendant left. Doe called M.C., who lived nearby, and told her what had just happened. Doe said she could not breathe. Doe asked M.C. to come over and then cleaned up the vomit. When M.C. and her sister arrived about five minutes later, Doe again said what had happened and showed them her injuries. Doe was crying hysterically. M.C. persuaded Doe to report the incident to the police. The police arrived and photographed Doe's injuries.

3

At the time of trial, M.C. acknowledged that she and defendant had reunited, and M.C. and Doe were no longer friends. M.C. testified that she had noticed Doe's face, arms and neck were red right after the incident but believed this was because Doe was mad. M.C. said she wanted Doe to call the police because M.C. hoped defendant would be arrested. Then M.C. could gain sole custody of the son she shared with defendant. M.C. overheard Doe call defendant's friend, E.S. Doe told E.S. that she was going to report defendant to the police if defendant did not give her custody of their daughter. M.C. then overheard a telephone conversation between defendant and Doe during which defendant called Doe a "bitch," and Doe stated she was reporting defendant to the police and hung up on him. This prompted Doe to call the police and report the charged offenses.

M.C. further testified to prior incidents of domestic violence involving defendant and M.C. She stated that she had exaggerated the severity of prior complaints to the police because she wanted defendant to go to jail. During one incident in 2007, defendant bit her face. In another incident in 2007, M.C. hit defendant and defendant then kicked her. During an incident in 2010, defendant accidentally flung his arm and hit M.C. as he was getting out of bed. Deputy Sheriff Huerta testified that M.C.'s injuries as to the second incident, in which defendant kicked M.C., were consistent with M.C.'s statement given to the police at the time of the incident.

Defendant's friend, E.S., testified that Doe called him on the day of the incident and told him to tell defendant that she was going to injure herself and then tell the police that defendant had assaulted her if defendant did not give her custody of their child. E.S.

4

stated that, within a month before the incident, Doe had given herself a black eye and then reported that defendant had done it. E.S. claimed that defendant could not have given Doe the black eye because defendant had been with E.S. the entire day and therefore could not have injured Doe.

Prosecution expert, Rachael Nowak-Frost, who was an investigator with the sheriff's department, specialized in domestic violence cases involving strangulation. The prosecution argued defendant committed assault with GBI, by means of strangulation. Nowak-Frost testified that victims of strangulation often do not sustain visible physical injuries.

III

INSTRUCTIONAL ERROR

Defendant contends the trial court erred in rejecting his request for instruction on simple assault (CALCRIM No. 915) as a lesser included offense of willful infliction of corporal injury (§ 273.5, subd. (a); count 1) and assault with force likely to produce GBI (former § 245, subd. (a)(1); count 2).

A. *Standard of Review*

"A trial court must instruct on a lesser included offense if substantial evidence exists indicating that the defendant is guilty only of the lesser offense. [Citation.]" (*People v. Manriquez* (2005) 37 Cal.4th 547, 584 (*Manriquez*).) "An offense is necessarily included in a greater offense when, for present purposes, under the statutory definition of the offenses the greater offense cannot be committed without necessarily committing the lesser. [Citations.]" (*People v. Basuta* (2001) 94 Cal.App.4th 370, 392.)

5

"[A] lesser included instruction need not be given when there is no evidence that the offense is less than that charged. [Citation.]" (*Ibid.*)

On appeal, "we employ a de novo standard of review and independently determine whether an instruction on the lesser included offense . . . should have been given." (*Manriquez, supra,* 37 Cal.4th at p. 584.)

B. Discussion

Defendant argues instruction on simple assault (CALCRIM No. 915) should have been given as to counts 1 and 2 because there was substantial evidence that only a simple assault occurred. The trial court indicated it did not intend to give the instruction because there was evidence defendant physically contacted Doe. The court explained there was evidence supporting simple battery but no evidence that there was merely a simple assault. Defense counsel submitted but then added that simple assault was a lesser included offense of count 1 as well as count 2. The court then stated that CALCRIM No. 915 (simple assault) was withdrawn by both parties.

Assuming for purposes of this appeal that simple assault is a lesser included offense of domestic violence and assault with force likely to produce GBI, we conclude the trial court nevertheless was not required to instruct on simple assault because there was not substantial evidence to support such instruction. (*People v. Golde* (2008) 163 Cal.App.4th 101, 115.) The elements of domestic violence (count 1) include the willful infliction of corporal injury, resulting in a traumatic condition, upon a spouse or cohabitant. A "traumatic condition" is defined as a "condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a

6

physical force." (Former § 273.5, subd. (c) (Stats. 2007, ch. 582 (A.B. 289) § 1, eff. Jan. 1, 2008, to Dec. 31, 2011).) Under section 273.5, subdivision (a), the element of willful infliction of corporal injury resulting in a traumatic condition is satisfied when a "direct application of force" by the defendant on the victim causes injury. (*People v. Jackson* (2000) 77 Cal.App.4th 574, 577-578.) A single slap to the face resulting in even a minor injury suffices. (See *People v. Abrego* (1993) 21 Cal.App.4th 133, 137-138 [Fourth Dist., Div. Two].) A conviction for assault with force likely to produce GBI (count 2) requires evidence of an "assault upon the person of another by any means of force likely to produce great bodily injury." (§ 245, subd. (a) (4).) Section 240 (simple assault) requires evidence of "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

Here, there was not substantial evidence from which a reasonable jury could conclude that solely the lesser offense of simple assault had been committed. (*People v. Breverman* (1998) 19 Cal.4th 142, 162; *People v. Memro* (1995) 11 Cal.4th 786, 871.) There was evidence defendant grabbed Doe's hair and pushed her, chased after her through the house, kicked down bedroom doors in pursuit of Doe, slammed Doe into a wall, caused Doe to trip and fall, kicked her in the stomach, and placed his hands on Doe's neck, causing Doe to have difficulty breathing and vomit. The charge of assault with force likely to cause GBI was premised on strangulation and the domestic violence charge was based on the entirety of defendant's continuous course of conduct.

The only issues here were whether there was a touching and the extent of Doe's actual injuries. Either the charged offenses or the lesser included offense of simple

7

battery occurred, or no offense occurred at all. There was simply no evidence from which the jury could reasonably find that only simple assault was committed. Furthermore, defendant denied committing the charged crimes. His defense was that Doe lied. "Generally, when a defendant completely denies complicity in the charged crime, there is no error in failing to instruct on a lesser included offense. [Citation.]" (*People v. Gutierrez* (2003) 112 Cal.App.4th 704, 709.) Thus, there was no error in the trial court not instructing on the lesser included offense of simple assault.

Furthermore, the jury would have returned the same verdict, even if the simple assault instruction had been given. It is not reasonably probable that, if the jury found there was insufficient evidence to support the charged offenses, the jury would have convicted defendant of simple assault, rather than the alternative lesser included offense of simple battery. The convictions show that the jury rejected defendant's defense that Doe lied and exaggerated her injuries. Therefore, any error in not instructing on simple assault would have been harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *Manriquez, supra,* 37 Cal.4th at p. 586.)

IV

CORRECTION OF THE ABSTRACT OF JUDGMENT

Defendant contends, and the People agree, that the abstract of judgment should be amended to reflect accurately that defendant was convicted of assault with means likely to produce GBI, and not assault with a deadly weapon. It is apparent this error arose because former section 245, subdivision (a)(1), included both of the crimes of assault with means likely to produce GBI and assault with a deadly weapon. The information

and the verdict state that defendant committed assault by means of force likely to produce GBI, in violation of section 245, subdivision (a)(1). The abstract of judgment therefore should be corrected to state defendant was convicted of assault with means likely to produce GBI, rather than assault with a deadly weapon. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

V

DISPOSITION

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment to state that, as to count 2, defendant was convicted of assault with means likely to produce GBI, and delete the incorrect crime description of "ASSAULT W/DEADLY WEAPON." As corrected, the trial court shall forward a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

KING
Acting P. J.

MILLER
J.

9