263 P.3d 654

**STATE of Arizona, Appellee,**

v.

**Joseph Ken COTTEN, Appellant.**

**No. 1 CA–CR 09–0895.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 20, 2011.

Thomas C. Horne, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, and Liza-Jane Capatos, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Jill L. Evans, Mohave County Appellate Defender, Kingman, Attorney for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Joseph Ken Cotten (defendant) appeals his convictions and sentences for one count of theft and three counts of misconduct involving weapons. Regarding his theft conviction, defendant argues that he was deprived of his constitutional right to a unanimous verdict because the indictment was duplicitous. He also claims that the trial court improperly imposed consecutive sentences for the theft conviction and one of the misconduct convic-

tions because both were based on defendant's possession of the same stolen weapon. Finally, defendant contends that the court erred in using a prior California felony conviction for sentence enhancement purposes. For the reasons that follow, we disagree with defendant's claims of error and therefore affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The trial evidence reveals the following.[1] On June 17, 2009, Bullhead City police executed a search warrant at defendant's girlfriend's home when the two were in bed. During the search, the police discovered three guns: a Glock handgun under defendant's pillow, a rifle in a closet, and another handgun under the seat of a motorcycle parked in the garage. Defendant's girlfriend did not own the guns, and the Glock and rifle had previously been reported as stolen. Because defendant was a prohibited possessor,[2] the state charged him with three counts of misconduct involving weapons in violation of Arizona Revised Statutes (A.R.S.) section 13–3102(A)(4) (2009), a class four felony, in addition to two counts of theft in violation of A.R.S. § 13–1802 (2009), class six felonies. The jury found defendant not guilty of theft relating to the rifle, but otherwise found him guilty as charged. The court found that defendant had two historical felony convictions, one from Mohave County and one from California, and sentenced defendant to aggravated terms of four years of imprisonment for the theft conviction and eleven years for the misconduct convictions. The court ordered the latter sentences to be served concurrently to each other, but consecutively to the four-year sentence for theft. Defendant timely appealed. We have juris-

diction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 and – 4033(A)(1)(2010).

## DISCUSSION

### A. Duplicitous Indictment

¶ 3 After the close of evidence, defendant requested a special verdict that would require that a conviction on either of the theft charges be based on the jury unanimously determining whether defendant stole the guns or possessed them knowing that they were stolen. *See* A.R.S. §§ 13–1802(A)(1) (a person commits theft by knowingly controlling, without lawful authority, property of another with the intent to deprive the other person of such property) and A.R.S. § 13–1802(A)(5) (a person commits theft by knowingly controlling, without lawful authority, property of another knowing or having reason to know that the property was stolen). The court rejected the request, reasoning that defendant was "entitled to a unanimous verdict on whether the crime charged was committed but not on a specific manner in which it was committed."

¶ 4 Defendant argues that "the court erred in submitting two different theft theories to support one theft charge in the indictment, without any special verdict form ... to cure the defect of the duplicitous indictment." [3] We disagree.

¶ 5 Arizona courts have repeatedly held that theft as defined in A.R.S. § 13–1802 is a single unified offense. *State v. Tramble*, 144 Ariz. 48, 52, 695 P.2d 737, 741 (1985); *State v. Paredes–Solano*, 223 Ariz. 284, 289–90, ¶ 14, 222 P.3d 900, 905–906 (App. 2009); *In re Jeremiah T.*, 212 Ariz. 30, 34,

---

1. "We construe the evidence in the light most favorable to sustaining the verdict[s], and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998) (citation omitted).

2. At trial, defendant stipulated that on June 17, 2009, he was a prohibited possessor.

3. Defendant also asserts that the court erred in not giving a "multiple acts instruction." Defendant did not request the instruction, so we nor-

mally review for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). Defendant, however, not only fails to point out authority supporting the proposition that a failure to *sua sponte* give a multiple acts instruction constitutes fundamental error, but he does not develop any argument on this issue. We therefore do not address it. *See State v. Sanchez*, 200 Ariz. 163, 166, ¶ 8, 24 P.3d 610, 613 (App.2001) (issue waived because defendant failed to develop argument).

¶ 12, 126 P.3d 177, 181 (App.2006); *State v. Wolter*, 197 Ariz. 190, 192, ¶ 8, 3 P.3d 1110, 1112 (App.2000); *State v. Coleman*, 147 Ariz. 578, 580, 711 P.2d 1251, 1253 (App.1985); *State v. Winter*, 146 Ariz. 461, 464–65, 706 P.2d 1228, 1231–32 (App.1985), *abrogated in part by State v. Kamai*, 184 Ariz. 620, 623, 911 P.2d 626, 629 (App.1995); *State v. Brokaw*, 134 Ariz. 532, 535, 658 P.2d 185, 188 (App.1982); *State v. Dixon*, 127 Ariz. 554, 561, 622 P.2d 501, 508 (App.1980). As the trial court correctly noted, "although a defendant is entitled to a unanimous jury verdict on whether the criminal act charged has been committed, the defendant is not entitled to a unanimous verdict on the precise manner in which the act was committed." *State v. Herrera*, 176 Ariz. 9, 16, 859 P.2d 119, 126 (1993) (quoting *State v. Encinas*, 132 Ariz. 493, 496–97, 647 P.2d 624, 627–28 (1982)).[4] The trial court correctly instructed the jurors that they could return a guilty verdict if defendant violated subsection (A)(1) or subsection (A)(5) of the theft statute. These instructions were supported by the evidence. *See State v. Tschilar*, 200 Ariz. 427, 436, ¶ 36, 27 P.3d 331, 340 (App.2001) ("A party is entitled to a jury instruction on any theory reasonably supported by the evidence.") (citation omitted).

■ ¶ 6 As for the indictment's purported duplicity,

> [a]n indictment is duplicitous if it charges separate crimes in the same count. Duplicitous indictments are prohibited because they fail to give adequate notice of the charge, present a hazard of a non-unanimous jury verdict, and make a precise pleading of double jeopardy impossible in the event of a later prosecution.

*State v. Hamilton*, 177 Ariz. 403, 410, 868 P.2d 986, 993 (App.1993) (citations omitted). The indictment in this case was not duplicitous. As noted *supra*, theft is a single, unified offense. The subsections contained in A.R.S. § 13–1802 do not reference separate crimes. An indictment's general citation to A.R.S. § 13–1802 is sufficient to charge a violation of the statute's subsections. No more particular pleading is required. *See Winter*, 146 Ariz. at 465, 706 P.2d at 1232. For these reasons, the court did not err in refusing defendant's request for a special verdict.

## B. Consecutive Sentences

¶ 7 Defendant contends that the trial court violated A.R.S. § 13–116 (2009) by imposing consecutive sentences for his theft conviction (count 1) and one of the misconduct convictions (count 3) because they both involved the Glock. Defendant argues that concurrent sentences are mandated by *State v. Gordon*, 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989). We disagree because the convictions did not arise from a "single act."

¶ 8 "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13–116. We review *de novo* whether a superior court has complied with A.R.S. § 13–116 in imposing consecutive sentences. *State v. Urquidez*, 213 Ariz. 50, 52, ¶ 6, 138 P.3d 1177, 1179 (App.2006) (citation omitted).

■ ¶ 9 As the Arizona Supreme Court explained in *Gordon*, in determining whether a defendant has committed a single act pursuant to A.R.S. § 13–116, the court first considers "the facts of each crime separately, subtracting from the factual transaction the evidence necessary to convict on the ultimate charge—the one that is at the essence of the factual nexus and that will often be the most serious of the charges." 161 Ariz. at 315, 778 P.2d at 1211. "If the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible under A.R.S. § 13–116." *Id.* The next consideration is "whether, given the entire 'transaction,' it was factually impossible to commit the ultimate crime without also committing the secondary crime." *Id.* If so, the likelihood that the defendant committed a

---

4. The cases upon which defendant finds support for his argument address the criminal assault provisions in A.R.S. § 13–1203. *See State v. Freeney*, 223 Ariz. 110, 219 P.3d 1039 (2009); *State v. Sanders*, 205 Ariz. 208, 68 P.3d 434 (App.2003); *State v. Kelly*, 149 Ariz. 115, 716 P.2d 1052 (App.1986). These cases are therefore not controlling, especially in light of Arizona courts' recognition that theft in violation of A.R.S. § 13–1802 is a single, unified offense.

single act under A.R.S. § 13–116 is increased. *Id.* Finally, this framework requires us to consider "whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime." *Id.* If the victim suffered an additional risk of harm, then it is permissible to impose consecutive sentences because the defendant committed multiple acts. *Id.*

■ ¶ 10 Applying *Gordon*, defendant's theft and misconduct convictions regarding the Glock clearly exposed him to consecutive sentences. For purposes of the *Gordon* framework, the "ultimate" or "most serious" of defendant's charges was the misconduct involving weapons charge, a class 4 felony. Considering the factual transaction presented in this case, defendant could have committed misconduct involving weapons without committing the secondary crime, theft. The misconduct offense (but not the theft offense) required evidence that defendant was a prohibited possessor, while the theft offense (but not the misconduct offense) required proof that the weapon was stolen, whether defendant stole the weapon or knew it was stolen. *See* A.R.S. §§ 13–1802(A)(1), (5), –3102. Police found defendant with the gun under his pillow, which was sufficient evidence alone to convict him on the ultimate charge. *See id.* Thus, defendant could have illegally possessed the weapon without stealing it.

■ ¶ 11 Next, having "subtracted" this evidence from the factual transaction, we consider whether the remaining evidence was sufficient to convict defendant of theft. *See Gordon*, 161 Ariz. at 315, 778 P.2d at 1211. At trial, the following evidence was presented. Defendant's acquaintance, Daniel, saw the Glock at the victim's house. Later, when he described the Glock to defendant at a party, defendant evinced interest in the gun. Specifically, Daniel told Officer Harrison that defendant's "eyes lit up, because [he] likes guns." The gun was stolen in May 2009.

¶ 12 Subsequently, the victim's roommate, Aimee, was talking with her friend about the stolen gun in defendant's presence. Defendant stated that he had the gun, a comment which Aimee overheard. Later, on June 17, 2009, the stolen gun was found under defendant's pillow. This last fact alone, together with defendant's stipulation that he was a prohibited possessor, established defendant's guilt on the weapons misconduct charge. All of the incidents prior to the search on June 17, 2009 constitute evidence that defendant stole the gun.[5] *See* A.R.S. §§ 13–1802(A)(1), (5). Accordingly, the evidence supports separate offenses.

■ ¶ 13 Finally, we consider the last prong of the *Gordon* analysis, "whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime." 161 Ariz. at 315, 778 P.2d at 1211. As the state argues, the risk of harm presented by a prohibited possessor is that society is exposed to heightened criminality from a felon's possession of a firearm.[6] This type of risk is distinct and additional to the risk presented to the particular victim's property interest by a defendant's theft. Here, in committing the lesser crime, theft, defendant presented a risk to property, as the prohibition of theft targets the wrongful appropriation of another's property. *See* 3 Wayne R. LaFave, Substantive Criminal Law § 19.8 (2d ed. 2003). By possessing a weapon as a prohibited possessor, he also exposed the victim, and society in general, to a different type of harm. *See State v. Runningeagle*, 176 Ariz. 59, 67, 859 P.2d 169, 177 (1993) (defendant's conduct in committing a burglary "caused the victims to suffer an additional risk beyond that inherent in the killing: one crime presented a risk to property, the other presented a risk to life.").

■ ¶ 14 Thus, we conclude defendant's theft of the Glock and his misconduct involv-

5. Defendant does not challenge the sufficiency of evidence supporting his convictions.

6. Because a large proportion of violent crimes are committed with guns, and the presence of guns in assault and robbery situations increases homicide risks, the gun control regime seeks to keep guns out of the hands of convicted felons, who tend to recidivate. *See* James Q. Wilson, *Controlling Criminogenic Commodities: Drugs, Guns and Alcohol, in* Crime and Public Policy 126–27, 136 (James Q. Wilson ed., Institute for Contemporary Studies 1983).

ing that weapon were necessarily separate criminal acts under *Gordon,* thereby subjecting him to consecutive sentences pursuant to A.R.S. § 13–116. Accordingly, we find no sentencing error on this basis.

## C. The California Conviction

¶ 15 Finally, defendant raises two arguments regarding the court's use of his prior California felony conviction for sentence enhancement purposes. First, he contends that the conviction would not qualify as a felony conviction in Arizona. He also asserts that the record is insufficient to show that the California offense was committed within five years of the instant Arizona offenses. Based on our de novo review, we are not persuaded by either of these arguments. *See State v. Crawford,* 214 Ariz. 129, 131, ¶ 6, 149 P.3d 753, 755 (2007) (we review de novo whether a foreign conviction constitutes a felony in Arizona); *State v. Rasul,* 216 Ariz. 491, 496, ¶ 20, 167 P.3d 1286, 1291 (App.2007) (a determination that a prior conviction constitutes a historical prior felony conviction for sentence enhancement purposes is subject to de novo review).

¶ 16 A person convicted of a felony in Arizona is subject to the sentence enhancement provisions of A.R.S. § 13–703(J) (2009) if he has two or more historical prior felony convictions. A.R.S. § 13–703(C). A historical felony conviction refers to a conviction of any class four, five or six felony that was committed within five years immediately preceding the date of the present offense. A.R.S. § 13–105(22)(c) (2009). When calculating the five-year limit, any time spent incarcerated during that period is excluded. *Id.* A prior conviction in another state may be used for enhancement purposes if the criminal offense underlying the conviction qualifies as a felony in Arizona. A.R.S. § 13–703(M).

¶ 17 Here, the state alleged three prior felony convictions to enhance defendant's sentences. The court, after considering its records and certified copies of defendant's criminal records from California, found two

of the alleged convictions to qualify as historical priors: a misconduct involving weapons conviction from Mohave County committed on September 27, 2006 and a 2003 attempted burglary conviction in California.[7]

### 1. Attempted Burglary in California Would be a Felony if Committed in Arizona

¶ 18 Defendant first contends that the 2003 California conviction would not necessarily qualify as a burglary in Arizona because "the structures listed in the California statute are not the same as the structures listed in the Arizona statute." He similarly argues that an "attempt" in California would not qualify as an "attempt" in Arizona.

¶ 19 As relevant here, a person commits felony burglary in Arizona by entering or unlawfully remaining in or on a residential or nonresidential structure with the intent to commit any theft or felony therein. A.R.S. §§ 13–1506 (2009), –1507 (2009). " 'Structure' means any vending machine or any building, object, vehicle, railroad car or place with sides and a floor that is separately securable from any other structure attached to it and that is used for lodging, business, transportation, recreation or storage." A.R.S. § 13–1501(12) (2009). " 'Residential structure' means any structure, movable or immovable, permanent or temporary, that is adapted for both human residence and lodging whether occupied or not." A.R.S. § 13–1501(11). " 'Nonresidential structure' means any structure other than a residential structure and includes a retail establishment." A.R.S. § 13–1501(10).

¶ 20 Compared to the Arizona burglary statute, the California burglary statute under which defendant was convicted in 2003 does not refer generally to "residential" or "nonresidential structures." Instead, it lists the following specific locations into which one who enters intending "to commit grand or petit larceny or any felony is guilty of burglary[:]"

---

**7.** The court did not address the third alleged prior, which was a 1998 California conviction for

"carjacking."

any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, ... floating home, ... railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, ... any house car, ... inhabited camper, ... vehicle ... when the doors are locked, aircraft ... or mine or any underground portion thereof . . . .

Cal.Penal Code § 459 (West 1991).

¶ 21 Because Arizona prohibits unlawfully entering or remaining in "structures," and the latter term includes the prohibited locales listed in the California statute, we conclude that any conviction under Cal.Penal Code § 459 would necessarily constitute a felony in Arizona pursuant to A.R.S. §§ 13-1506 and 13-1507.

¶ 22 Turning to his argument regarding "attempt," defendant contends that his California conviction also would not qualify as a felony in Arizona because "in Arizona, specific mental states are required to be proven by statute which are not required to be proven in the California attempt statute." We summarily reject this argument. *See* A.R.S. § 13-1001(A) (2003) (a person commits attempt by intentionally engaging in conduct that either constitutes an offense if the person was not mistaken as to the attendant circumstances, is in furtherance of a crime that is not completed, or to assist another in committing a crime); Cal.Penal Code § 21a (West 1999) ("An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission."); *State v. Miller*, 123 Ariz. 491, 493, 600 P.2d 1123, 1125 (App.1979) ("In order to sustain a conviction for attempt there must be proof of a specific intent on the defendant's part to commit the substantive crime.") (citation omitted); *People v. Gutierrez*, 112 Cal. App.4th 704, 5 Cal.Rptr.3d 256, 260 (2003) ("An *attempt* to commit a crime requires a specific intent to commit the crime."). Thus, defendant's attempted burglary conviction in California would have been a felony in Ari-

zona had he committed the offense in this state.

**2. Defendant Committed Attempted Burglary in California Within Five Years Preceding June 17, 2009**

¶ 23 When calculating whether defendant committed the California offense within the five-year time limit of the current Arizona offenses, the court noted that the California offense was committed sometime in 2003. Giving defendant the benefit of any doubt, the court assumed for purposes of its calculation that the date of the California offense was January 1, 2003. The court then excluded the time that it determined defendant was in custody from 2003 to the date of his present offenses, June 17, 2009,[8] and concluded that the California offense occurred within the five-year time period.

¶ 24 On appeal, defendant does not challenge the propriety of the court's findings or calculations relating to the periods of his incarceration. Instead, he merely asserts that because the records do not indicate the specific date of the California offense, "the timeliness of the conviction cannot be established beyond a reasonable doubt. . . ." This argument is meritless. The certified records indicate the offense was committed in 2003, and the court assumed, for purposes of calculating the excludable time, that the offense occurred on the earliest date possible, January 1, 2003. Even if the court was incorrect in this assumption and the actual date of the offense was sometime after January 1, 2003, defendant would have then committed the California offense even *more* recently, and therefore within five years of the current Arizona offenses. Accordingly, we discern no error.

**CONCLUSION**

¶ 25 Defendant's convictions and sentences are affirmed.

---

**8.** Defendant was apparently paroled from the California imprisonment in August 2004. He was subsequently arrested in Mohave County, Arizona, September 26, 2006, convicted on the weapons charge and ultimately released from prison in Arizona September 2, 2008.

CONCURRING: PHILIP HALL, Presiding Judge, and LAWRENCE F. WINTHROP, Judge.