304 P.3d 212

STATE of Arizona, Appellee,

v.

John Patrick McDONAGH, Appellant.

No. 1 CA–CR 12–0083.

Court of Appeals of Arizona,
Division 1, Department C.

May 7, 2013.

Thomas C. Horne, Attorney General by Joseph T. Maziarz, Acting Chief Counsel, Criminal Appeals/Capital Litigation Section and Alice Jones, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Terry J. Reid, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

THUMMA, Judge.

¶ 1 John Patrick McDonagh appeals from sentences imposed after a jury convicted him of four counts of aggravated driving under the influence (aggravated DUI). McDonagh argues the fines, surcharges and assessments imposed for each of the four counts violate Arizona law because all four counts arose from the same act of driving. Because Arizona Revised Statutes (A.R.S.) section 13–

116 [1] prohibits cumulative punishment for the same act, and because there is no applicable clear, contrary legislative directive, McDonagh's sentences are modified to clarify that payment of fines, surcharges and assessments on one count must be credited to the fines, surcharges and assessments imposed on each of the other counts.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The State charged McDonagh with aggravated DUI arising out of a single drunk-driving incident. The four-count indictment alleged various permutations of aggravated DUI: (1) driving while impaired with a suspended license, A.R.S. §§ 28–1381(A)(1), –1383(A)(1); (2) driving with a blood alcohol concentration of 0.08 or more with a suspended license, A.R.S. §§ 28–1381(A)(2), –1383(A)(1); (3) driving while impaired with two prior DUI violations within 84 months, A.R.S. §§ 28–1381(A)(1), –1383(A)(2); and (4) driving with a blood alcohol concentration of 0.08 or more with two prior DUI violations within 84 months, A.R.S. §§ 28–1381(A)(2), –1383(A)(2). A jury convicted McDonagh of all four counts.

¶ 3 At sentencing, for each count, the court imposed the minimum mandatory four-month prison term to be followed by a two-year term of probation. Consistent with A.R.S. § 13–116, the prison terms were ordered to run concurrently. Consistent with A.R.S. § 13–116, the probation grants were ordered to run concurrently. For each count, pursuant to Uniform Conditions of Probation 15, the court ordered McDonagh to pay the following (collectively, Assessments):

- $750 base fine plus the 84% surcharge to total $1,380;
- $250 DUI Abatement Fund assessment;
- $1,500 Prison Construction & Operations Fund assessment; and
- $1,500 General Fund/Public Safety Equipment Fund assessment.

See A.R.S. § 28–1383(J)(2)–(5).[2] Accordingly, pursuant to the probation grants, the court ordered McDonagh to pay Assessments totaling $4,630 per count.

¶ 4 Given that the probation grants were ordered to run concurrently, and based on the sentencing transcript and resulting minute entry, it was not clear whether the Assessments were imposed concurrently (i.e., that payment of each dollar by McDonagh for the Assessments for one count would be credited as a dollar payment of the Assessments for each of the other counts). Accordingly, this court asked the parties to file a joint report describing how McDonagh's payments of the Assessments have been applied to satisfy his monetary obligations. That joint report shows the payments are being applied by the Clerk of Court to the Assessments per count, meaning that payment of each dollar by McDonagh is credited to one count only. As a result, the sentence imposed requires McDonagh to pay a total of $18,520 ($4,630 for each count) to satisfy his payment obligations for the Assessments.

¶ 5 McDonagh timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21, 13–4031 and –4033.

## DISCUSSION

¶ 6 McDonagh does not challenge his convictions, the concurrent sentences of imprisonment or the concurrent probation grants. He argues only that the superior court "erred when it imposed four separate [Assessments] for four felony convictions arising from the same act of driving." In making this argument, McDonagh does not allege any constitutional infirmity but, instead, argues that the Assessments violate the statutory prohibition found in A.R.S. § 13–116.

¶ 7 McDonagh did not object at sentencing, meaning this court reviews for fundamental error resulting in prejudice. State v. Henderson, 210 Ariz. 561, 567, ¶¶ 19–20, 115 P.3d 601, 607 (2005). Imposition of an unauthorized fine renders a criminal sen-

---

1. Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

2. For count 1, the court also imposed a $35 monthly probation fee as well as a one-time $20 probation surcharge and a $20 one-time payment fee, none of which are at issue on appeal.

tence illegal, and an illegal sentence constitutes fundamental error. *See State v. Soria,* 217 Ariz. 101, 103, ¶ 7, 170 P.3d 710, 712 (App.2007); *see also State v. Martinez,* 226 Ariz. 221, 224, ¶ 17, 245 P.3d 906, 909 (App. 2011) (imposition of consecutive sentences in violation of A.R.S. § 13–116 creates an illegal sentence, which is fundamental error). Similarly, imposition of an unauthorized fine is prejudicial. *See Soria,* 217 Ariz. at 103, ¶ 7, 170 P.3d at 712. Accordingly, as applicable here, if the Assessments as imposed were not authorized, they constitute fundamental error.

¶ 8 McDonagh relies on the first sentence of A.R.S. § 13–116, which states "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." "Section 13–116 traces its roots to 1901" and "is paramount in the statutory scheme of sentencing." *State v. Arnoldi,* 176 Ariz. 236, 241, 242, 860 P.2d 503, 508, 509 (App.1993). For the statute to apply here, the Assessments must be "sentences" within the meaning of A.R.S. § 13–116 and McDonagh's convictions must arise from a single act.[3] Additionally, the Legislature must not have overridden the general rule of A.R.S. § 13–116 through a clear, contrary expression of legislative intent. Each issue is addressed in turn.

## I. The Assessments Are "Sentences" Subject To A.R.S. § 13–116.

▇ ¶ 9 A fine, and related surcharge, imposed in a criminal case is a "criminal penalty" constituting a "sentence" subject to A.R.S. § 13–116's limitation. *State v. Sheaves,* 155 Ariz. 538, 541, 747 P.2d 1237,

1240 (App.1987).[4] Thus, pursuant to *Sheaves,* the fines and related surcharges imposed for each count under A.R.S. § 28–1383(J)(3) constitute a sentence subject to A.R.S. § 13–116.

¶ 10 Although not denominated a "fine," an assessment may qualify as a "sentence" if (1) it is "a pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime;" (2) the money recovered goes to the people of Arizona and (3) the money is not a civil penalty or restitution to a crime victim. *Id.* at 541–42, 747 P.2d at 1240–41; *see also State v. Payne,* 223 Ariz. 555, 565, ¶ 33, 225 P.3d 1131, 1141 (App.2009) (prosecution fee is subject to A.R.S. § 13–116 because it was "more akin to a punitive fine than a compensatory fee").

¶ 11 Applying this three-pronged test, the DUI Abatement Fund, Prison Construction & Operations Fund and General Fund/Public Safety Equipment Fund assessments are pecuniary punishments to be imposed by the sentencing court "[o]n a conviction for a violation" of the aggravated DUI statute. A.R.S. § 28–1383(J). The money recovered is paid to the people of Arizona through these legislatively created funds. *See* A.R.S. § 28–1383(J)(2), (4)–(5); *see also* A.R.S. § 28–1304 (DUI Abatement Fund); A.R.S. § 41–1651 (Prison Construction & Operations Fund); A.R.S. § 41–1723 (Public Safety Equipment Fund). Finally, because the money recovered is allocated to these legislatively created funds, the money is not a civil penalty or restitution to a crime victim. *See Sheaves,* 155 Ariz. at 541–42, 747 P.2d at 1240–41; *see also Payne,* 223 Ariz. at 565, ¶ 33, 225 P.3d at 1141. Thus, the DUI Abatement Fund, Prison Construction & Operations Fund and General Fund/Public Safe-

---

3. Although McDonagh's convictions are under different subsections of A.R.S. §§ 28–1381 and 28–1383, the Arizona Supreme Court has construed "different sections of the laws" as used in A.R.S. § 13–116 to include different subsections of the same statute. *See Anderjeski v. City Court of Mesa,* 135 Ariz. 549, 551, 663 P.2d 233, 235 (1983).

4. *Sheaves* concluded that a felony penalty assessment was a fine subject to the limitation in A.R.S. § 13–116. 155 Ariz. at 541–42, 747 P.2d at 1240–41. *Sheaves* construed A.R.S. § 13–812

(1986), repealed by Laws 1993, Ch. 243, § 18 (eff. 1/1/1994), entitled "Felony penalty assessment; use" and which provided "A. In addition to any other fine or assessment, each person convicted of a felony shall be assessed a penalty of: 1. One hundred dollars if the person is an individual. 2. Five hundred dollars if the person is an enterprise. B. Monies received pursuant to this section shall be transferred to the victim compensation fund established pursuant to section 41–2401.01." *Id.* at 540 n. 2, 747 P.2d at 1239 n. 2.

ty Equipment Fund assessments imposed pursuant to the aggravated DUI statute are "sentences" subject to A.R.S. § 13–116.

## II. McDonagh's Convictions Arise From A Single Act Of Driving.

■ ¶ 12 To determine whether a defendant's criminal conduct constitutes a single act for purposes of A.R.S. § 13–116, this court applies the identical elements test, "focus[ing] on the facts of the transaction." *State v. Siddle,* 202 Ariz. 512, 517, ¶ 17, 47 P.3d 1150, 1155 (App.2002) (citation omitted). The court subtracts "from the factual transaction the evidence necessary to convict of [one crime].... If the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible under A.R.S. § 13–116." *State v. Cotten,* 228 Ariz. 105, 108, ¶ 9, 263 P.3d 654, 657 (App.2011) (quoting *State v. Gordon,* 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989)). The transaction is more likely to represent a single act if it was factually impossible to commit one crime without committing the other; conversely, the transaction more likely involved multiple acts if the different crimes caused a victim to suffer an additional or different risk of harm. *Id.* at 108–09, ¶ 9, 263 P.3d at 657–58.

¶ 13 Here, a single act of driving was common to all four aggravated DUI offenses of which McDonagh was convicted. McDonagh's convictions arise out of a single act (driving) coupled with the following additional facts for the individual counts: for Count One, while impaired with a suspended license; for Count Two, with a blood alcohol concentration of 0.08 or more with a suspended license; for Count Three, while impaired with two prior DUI violations within 84 months and for Count Four, with a blood alcohol concentration of 0.08 or more with two prior DUI violations within 84 months. Each offense also caused the same risk of harm—exposing the public to unsafe driving. *See id.* In short, all four convictions arose from McDonagh's single act of driving and, indeed, the State does not argue to the contrary. *See Anderjeski,* 135 Ariz. at 551, 663 P.2d at 235 (construing statutory predecessor).

## III. The Legislature Has Not Overridden A.R.S. § 13–116's Double–Punishment Prohibition For The Assessments Imposed Under The Aggravated DUI Statute.

¶ 14 Absent a clear, contrary statutory direction, A.R.S. § 13–116 mandates that sentences—including the Assessments—for these four convictions arising from a single act may "in no event ... be other than concurrent." This limitation is purely statutory; the Legislature is free to allow for exceptions to this limitation, but a sentencing court may not impose cumulative punishment for a single act unless such an exception "is clearly the intent of the legislature." *Anderjeski,* 135 Ariz. at 551, 663 P.2d at 235 (citing *Missouri v. Hunter,* 459 U.S. 359, 367–68, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). No such clear legislative intent is present here.

■ ¶ 15 A.R.S. § 28–1383(J) provides for imposition of the Assessments "[o]n a conviction for a violation of [the aggravated DUI statute]." By using the singular "a," this language could be susceptible of being read to authorize cumulative punishments for all convictions. This language, however, is far short of "clearly" overriding the paramount legislative directive of concurrency set forth in A.R.S. § 13–116. Moreover, this portion of A.R.S. § 28–1383(J) does not distinguish between convictions based on a single act as opposed to multiple acts, and contains no reference to overriding A.R.S. § 13–116 specifically or other statutory provisions generally.

¶ 16 The State argues that A.R.S. § 28–1389 provides evidence of clear legislative intent to authorize the cumulative Assessments imposed here. Titled "Waiver of fine, surcharge or assessment," A.R.S. § 28–1389 states "[n]otwithstanding any other law, the court shall not waive a fine or assessment imposed pursuant to [the DUI article] ... for a conviction of an offense listed in this article." The Legislature's use of "notwithstanding any other law," or similar language, has been found to demonstrate clear legislative intent to override A.R.S. § 13–116's cumulative punishment prohibition. *See, e.g.,*

*State v. Greene,* 182 Ariz. 576, 580, 898 P.2d 954, 958 (1995) (finding statutory sentencing enhancement stating "[n]otwithstanding any provision of law to the contrary" overrides A.R.S. § 13–116's prohibition of cumulative punishment). In this case, however, A.R.S. § 28–1389 does not apply.

¶ 17 The issue here is not whether the court could *waive* the Assessments under A.R.S. § 28–1389. Instead, the issue is whether the court had the power to *impose* the Assessments for all counts "consecutively" (by requiring full payment, *without* credit, for each count, resulting in total payment of $18,520) rather than "concurrently" (by requiring full payment, *with* credit, for each count, resulting in total payment of $4,630). The issue of waiver—which McDonagh is not arguing and which the statute clearly would prohibit—therefore is irrelevant. Because A.R.S. § 28–1389 does not apply, that statute cannot clearly override the legislative directive of concurrency set forth in A.R.S. § 13–116. *Anderjeski,* 135 Ariz. at 551, 663 P.2d at 235.

¶ 18 Consistent with the paramount nature of the directive in A.R.S. § 13–116, "concurrent" Assessments can be effectuated by crediting each single dollar paid as a dollar payment of the Assessments for each (as opposed to just one) count. Although the Legislature is free to override this concurrency directive, it has not done so here. Because McDonagh was sentenced to pay four "consecutive" sets of Assessments even though the four convictions arose from a single act, the sentences imposed violate A.R.S. § 13–116. Accordingly, McDonagh's sentences are modified so that the Assessments run "concurrently," such that McDonagh's payment of the Assessments on one count is credited to payment on each of the three other counts, resulting in a total payment by McDonagh of $4,630 to satisfy all Assessment obligations. In all other respects, McDonagh's sentences are affirmed in their entirety.

## CONCLUSION

¶ 19 McDonagh's sentences are affirmed, as modified, consistent with this decision.

CONCURRING: MICHAEL J. BROWN and DIANE M. JOHNSEN, Judges.