NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

CHALICE RENEE ZEITNER, *Appellant*.

No. 1 CA-CR 16-0668
FILED 9-21-2017

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-006655-001
The Honorable Pamela S. Gates, Judge
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Jennifer B. Campbell joined.

---

**B R O W N**, Judge:

¶1          Chalice Renee Zeitner appeals from her convictions and sentences on four counts of aggravated driving while under the influence ("DUI"). For the following reasons, we affirm the convictions and modify the sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          A jury convicted Zeitner of four counts of aggravated DUI pursuant to Arizona Revised Statutes ("A.R.S.") sections 28–1381(A)(1), –1383(A)(1) (driving while impaired with a suspended license); §§ 28–1381(A)(2), –1383(A)(1) (driving with a blood alcohol concentration of 0.08 or more with a suspended license); §§ 28–1381(A)(1), –1383(A)(2) (driving while impaired with two prior DUI violations within 84 months); and §§ 28–1381(A)(2), –1383(A)(2) (driving with a blood alcohol concentration of 0.08 or more with two prior DUI violations within 84 months).

¶3          The superior court sentenced Zeitner to concurrent presumptive terms of 2.5 years in prison for each DUI conviction, with 488 days of presentence incarceration credit. The court also imposed the following fines and assessments for each of the four convictions: $1,380 fine; $250 assessment to the DUI Abatement Fund; $1,500 assessment to the Prison Construction and Operations Fund; $1,500 assessment to the Public Safety Equipment Fund; and a $20 time payment fee. An additional $20 probation assessment was imposed on Count 2. Zeitner timely appealed.

## DISCUSSION

¶4          Zeitner argues the superior court committed fundamental error by ordering her to pay the fines and assessments associated with each of the four DUI convictions, in violation of A.R.S. § 13–116. The imposition of an improper or otherwise unauthorized fine "renders a criminal sentence illegal, and an illegal sentence constitutes fundamental error." *State v. McDonagh*, 232 Ariz. 247, 248-49, ¶ 7 (App. 2013). Such an error is also prejudicial. *Id.*

¶5   Section 13–116 provides that "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." "A fine, and related surcharge, imposed in a criminal case is a 'criminal penalty' constituting a 'sentence' subject to A.R.S. § 13–116's limitation." *McDonagh*, 232 Ariz. at 249, ¶ 9; *see also State v. Russo*, 219 Ariz. 223, 227, ¶ 15 (App. 2008) (accepting that an assessment, when deciding whether it was unconstitutionally excessive, is "tantamount to a fine, which is a pecuniary punishment and a sanction"). In *McDonagh*, a case factually similar to the case at hand, this court held that the "assessments imposed pursuant to the aggravated DUI statute are 'sentences' subject to A.R.S. § 13–116," and the imposition of consecutive sets of DUI assessments on convictions that arise from a single act violates § 13–116. 232 Ariz. at 248-51, ¶¶ 2-5, 11, 18.

¶6   Based on *McDonagh*, the superior court fundamentally erred by implicitly ordering consecutive sentences (the fines and assessments) on Zeitner's four aggravated DUI convictions. The State, however, urges us to depart from *McDonagh's* holding in light of *State v. Jones*, 235 Ariz. 501 (2014). In *Jones*, our supreme court noted that A.R.S. § 13–116 was in direct conflict with § 13–705(M), which "requires that sentences imposed [for] . . . certain dangerous crimes against children run consecutively even when the underlying convictions arise from a single act." 235 Ariz. at 502, ¶ 1. Resolving the conflict in favor of § 13–705(M), the more recent statute, the court overruled *State v. Arnoldi*, 176 Ariz. 236 (App. 1993), which referred to § 13–116 as "paramount in the statutory scheme of sentencing." *Jones*, 235 Ariz. at 503, ¶¶ 10-11. Accordingly, *Jones* clarified that § 13–116 is not "paramount" when conflicts arise with other sentencing statutes; however, nothing in *Jones* suggests that the supreme court construed § 13–116 to mean that it should not be applied to sentences that arise from the same act for multiple offenses like those at issue here and in *McDonagh*. *See id.* at ¶¶ 8–11. And, unlike *Jones*, *McDonagh* did not involve any statute that was directly in conflict with § 13–116.

¶7   The State also argues that A.R.S. § 28–1389, which prohibits waiver of statutory surcharges and assessments, provides evidence of clear legislative intent to authorize the cumulative fines and assessments imposed here.[1] But that argument was rejected in *McDonagh*. *See* 232 Ariz. at 215-16, ¶¶ 16-17 (explaining that (1) § 28–1389 does not provide

---

[1]   Section 28–1389 states: "The court shall not waive a fine or assessment imposed pursuant to this article or a surcharge imposed . . . for a conviction of an offense listed in this article."

"evidence of clear legislative intent" to authorize the cumulative assessments imposed and (2) § 28–1389 is inapplicable and irrelevant because "[t]he issue here is not whether the court could *waive* the Assessments under A.R.S. § 28–1389," but "whether the court had the power to *impose* the Assessments for all counts 'consecutively' . . . rather than 'concurrently'"). We are not persuaded to depart from the analysis in *McDonagh*.

¶8        Here, like the circumstances in *McDonagh*, a single act of driving was common to all four aggravated DUI offenses that resulted in four separate convictions. Because the elements of the aggravated DUI offenses could not be satisfied after subtracting the single act of driving, the sentences (including the imposition of fines and assessments) for the four convictions could only be imposed concurrently. *See id.* at 250, ¶¶ 12-13; A.R.S. § 13–116. Thus, although the superior court could impose identical fines and assessments against Zeitner for each of her four aggravated DUI convictions, it could only require her to pay them once, not four times. *See id.* at 251, ¶ 18.

## CONCLUSION

¶9        Based on the foregoing, we affirm Zeitner's convictions and the resulting sentences, but modify the sentencing minute entry to reflect that the fines and assessments imposed on all counts are imposed concurrently with those imposed on Count 2, resulting in a total obligation of $4,670.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4