NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT LAWSON CARNOCHAN, *Appellant.*

No. 1 CA-CR 17-0200
FILED 3-20-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201600562
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Patricia A. Orozco[1] joined.

**C R U Z**, Judge:

¶1　　　　Robert Lawson Carnochan challenges his sentences on the grounds the superior court erred when it sentenced him to consecutive sentences for similar conduct leading to two charges and improperly sentenced him to a Class 4 felony range when his conviction was for a Class 6 felony. For the following reason, we affirm Carnochan's convictions and remand for resentencing in accordance with this decision.

## FACTUAL AND PROCEDURAL HISTORY[2]

¶2　　　　Carnochan was indicted on five counts of misconduct involving weapons, as a Class 4 felony, and one count of misconduct involving weapons, as a Class 6 felony. Count 5 and 6 involved possession of a singular .380 handgun; count 5 was charged as a Class 4 felony for possession of the weapon as a prohibited possessor, and count 6 was charged as a Class 6 felony for possession of a defaced weapon.

¶3　　　　After trial, Carnochan was found guilty on all six counts. Carnochan was sentenced to concurrent 2.25-year prison terms for counts 1 through 5 and to a consecutive 2.25-year prison term for count 6.

¶4　　　　Carnochan timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

---

[1]　　　The Honorable Patricia A. Orozco, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]　　　We review the facts in the light most favorable to sustaining Carnochan's convictions and sentences. *State v. Haight-Gyuro*, 218 Ariz. 356, 357, ¶ 2 (App. 2008).

## DISCUSSION

**¶5**      Carnochan argues the imposition of consecutive sentences for counts 5 and 6 resulted in an illegal sentence.  Section 13-116 provides that "[a]n act . . . made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."  A.R.S. § 13-116.

**¶6**      Carnochan failed to raise the issue below, thus we review the imposition of consecutive sentences for fundamental error.  *State v. Martinez*, 226 Ariz. 221, 224, ¶ 17 (App. 2011).   To prevail under fundamental error review, Carnochan must establish that a fundamental error exists and that such error caused him prejudice.  *State v. Smith*, 219 Ariz. 132, 136, ¶ 21 (2008).

**¶7**      We review the superior court's decision to impose consecutive sentences under A.R.S. § 13-116 using the test set forth in *State v. Gordon*, 161 Ariz. 308, 315 (1989).  Under *Gordon*, the court first considers "the facts of each crime separately, subtracting from the factual transaction the evidence necessary to convict on the ultimate charge[.]"  *Id.*  If, after doing so, there remains evidence to satisfy each element of the secondary crime, consecutive sentences may be imposed.  *Id.*  The court then looks to the transaction as a whole, to determine whether "it was factually impossible to commit the ultimate crime without also committing the secondary crime."  *Id.*  Finally, the court considers whether "the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime."  *Id.*  If so, the court should ordinarily find the defendant committed multiple acts and may receive consecutive sentences.  *Id.*

**¶8**      The State argues the two crimes were separate.  The State argues that the proof for count 5 required the State to show that Carnochan possessed a deadly weapon while being a prohibited possessor, *see* A.R.S. § 13-3102(A)(4), whereas the proof for count 6 required the State to show that Carnochan possessed a defaced deadly weapon knowing the deadly weapon was defaced, *see* A.R.S. § 13-3102(A)(7).  Carnochan argues the crimes cannot be separated, as removal of the evidence of weapon possession results in no remaining evidence to satisfy the elements of the other count.  We agree; the proofs for both require a finding of possession, and thus cannot be separated by the elements.

**¶9**      Failing the identical elements test, however, does not end the analysis. *State v. Price*, 218 Ariz. 311, 316 n.5, ¶ 16 (App. 2008).  The second

and third factors also indicate that Carnochan committed a single act. Carnochan could not factually have possessed a defaced weapon without also having possessed a weapon in general, and thus the second factor supports concurrent sentences.

¶10      The State argues the third factor can solely support consecutive sentences, and that the harm of the second charge was beyond that of the first. *See State v. Cotten*, 228 Ariz. 105, 109, ¶ 9 (App. 2011) ("If the victim suffered an additional risk of harm, then it is permissible to impose consecutive sentences because the defendant committed multiple acts."). In *Cotten*, the charged crimes were theft and misconduct involving a weapon, and the court found the type of harm presented by possession of the weapon (physical harm) was distinct from the type of harm presented by the theft charge (property harm). *Id.* at ¶ 13. Here, Carnochan's weapon bore a defaced serial number, presenting the additional harm that use of the weapon for an illicit purpose would be untraceable and could therefore subvert the community's interest in investigating and prosecuting crimes. *See United States v. Seesing*, 234 F.3d 456, 460 (9th Cir. 2000) (recognizing that the purpose of sentencing enhancement for possessing firearm with altered or obliterated serial number was to "discourag[e] the use of untraceable weaponry").

¶11      We find the third factor merely represents a higher level of harm that results from possession of the defaced weapon, but not necessarily a different harm to the public than mere possession. Given the act involved is the possession of a singular .380 handgun, the type of harm is the same, and the fact the first two *Gordon* factors indicate the crimes were a single act, we hold the court erred in sentencing Carnochan to consecutive sentences for counts 5 and 6.

¶12      Given this error, and the fact Carnochan was sentenced concurrently as to counts 1-5, and then consecutively for count 6, we hold the error prejudiced Carnochan, as his sentence was increased by the imposition of consecutive sentences.

¶13      Additionally, Carnochan argues the court sentenced him improperly on count 6, as a Class 4 felony instead of a Class 6, and argues his sentence should be modified accordingly. The State agrees the sentence was improper, but argues the proper remedy is not modification but remand to the superior court for resentencing. We agree, because it is unclear what the sentence would have been had the superior court properly sentenced Carnochan for count 6. *See State v. Fillmore*, 187 Ariz. 174, 185 (App. 1996) (stating that while this Court may modify a sentence, its

discretion to do so should be exercised with great caution). We will not presume that the superior court would have sentenced Carnochan for a Class 6 felony with the same level of mitigation as it did for a Class 4 felony. *See* A.R.S. §§ 13-701(E), -703(I). We remand to allow the superior court to resentence Carnochan for his Class 6 conviction accordingly.

## CONCLUSION

**¶14**     For the foregoing reasons, we affirm Carnochan's convictions and sentences except that we remand for a resentencing hearing as to count 6.



AMY M. WOOD • Clerk of the Court
FILED:  AA