NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FREDDIE LEE ANTWINE, *Appellant.*

No. 1 CA-CR 17-0519
FILED 8-9-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-001222-002
The Honorable Warren J. Granville, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

**M c M U R D I E**, Judge:

¶1 Freddie Lee Antwine appeals his conviction and sentence for attempted possession of marijuana for sale. He argues the superior court erred by refusing to give a *Willits* instruction to the jury. He also claims the State failed to prove by sufficient evidence he had two prior felony convictions for sentencing enhancement. Lastly, he argues the superior court erred by imposing a mandatory fine for a completed offense when he was convicted of a preparatory offense. For the following reasons, we affirm Antwine's conviction and prison sentence but vacate and remand to the superior court for redetermination of the fine.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2 As police officers conducted surveillance on Antwine and two other men, Craig Evans and Francisco Contreras, they followed the three men to a residence, where they saw Evans and Contreras load cardboard boxes into the trunk of a vehicle. Antwine exited the house and drove away with the other men in the vehicle. Officers eventually stopped the vehicle and found bales of marijuana inside the cardboard boxes.

¶3 The jury found Antwine guilty of attempted possession of marijuana for sale. The superior court imposed a fine and sentenced him to five years in prison. Antwine timely appealed his conviction and sentence. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1] We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Antwine. *See State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

## DISCUSSION

### A. The Superior Court Properly Refused to Give the *Willits* Jury Instruction.

**¶4**         During cross-examination, the officer who found the marijuana when he unpacked the boxes admitted he disposed of the boxes. Antwine moved for a *Willits* instruction, arguing the potential absence of his fingerprints on the boxes would have been useful to his mere presence defense. The court denied Antwine's request for the instruction. We review rulings regarding a *Willits* instruction for abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014).

**¶5**         In *Willits*, our supreme court held a superior court must provide a jury instruction that is adverse to the state when the state loses or destroys evidence that would have been useful to the defense, even if the destruction was not done in bad faith. *State v. Willits*, 96 Ariz. 184, 191 (1964). To receive the instruction, the defendant must prove that "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *Glissendorf*, 235 Ariz. at 150, ¶ 8 (internal quotations and citation omitted). The defendant must do more than simply speculate about the helpfulness of evidence in proving a "tendency to exonerate." *Id.* at ¶ 9. While the defendant need not show that the evidence had the potential to completely absolve the defendant, there must be "a real likelihood that the evidence would have had evidentiary value." *Id.* at ¶¶ 9–10.

**¶6**         Antwine does not show how the destroyed cardboard boxes were material and had the tendency to exonerate him. His claim that testing the boxes for fingerprints may have helped his defense is speculative. If his fingerprints were found on the boxes, they would have provided the State with more incriminating evidence. Further, the boxes' evidentiary value is not clear. Attempted possession of marijuana for sale does not hinge on whether the defendant touched the container containing the drugs. Although the State could have tested the boxes for fingerprints, a defendant is not entitled to a *Willits* instruction simply because the State could have conducted a more thorough investigation. *See State v. Murray*, 184 Ariz. 9, 33 (1995).

**¶7**         Even if Antwine could prove the boxes were material, he does not establish how he was prejudiced by their loss. The inability to test the boxes for fingerprints did not cripple his mere presence defense. The

evidence before the jury allowed Antwine to argue Contreras alone committed the crime. Additionally, even absent the *Willits* instruction, the court permitted Antwine to argue during closing that the State's disposal of the boxes made it less likely he committed the crime.

### B. Sufficient Evidence Established Antwine's Prior Convictions for Sentencing Enhancement.

¶8            Prior to sentencing, the State offered certified minute entries to prove Antwine had two prior felony convictions for sentencing enhancement. The State sought to link the minute entries to Antwine by showing they bore his name and birthdate; the fingerprints on the minute entries were only partially visible so the State could not secure testimony from a fingerprint expert. The court found the State presented sufficient evidence to prove his prior felonies. We review the proof of a prior felony conviction for sentencing enhancement *de novo. State v. Derello*, 199 Ariz. 435, 437, ¶ 8 (App. 2001).

¶9            The State must prove prior felony convictions by clear and convincing evidence. *State v. Cons*, 208 Ariz. 409, 415, ¶ 15 (App. 2004). While the preferred method of proving convictions is to use certified conviction documents bearing the defendant's fingerprints, courts may consider other kinds of evidence. *State v. Robles*, 213 Ariz. 268, 273, ¶ 16 (App. 2006). In the absence of evidence casting doubt on the identification, certified minute entries containing the defendant's name and birthdate are sufficient proof. *State v. Kinney*, 225 Ariz. 550, 558, ¶ 26 (App. 2010).

¶10           Here, the State presented sufficient evidence to prove Antwine's prior felony convictions. Considering the certified minute entries bearing his name and birthdate, we find no persuasive evidence to discredit the identification. The minute entries all identify the convicted person as Freddie Lee Antwine with a birthdate of November 12, 1976. Antwine identified himself in court as Freddie Lee Antwine, Jr. and said his birthdate was November 12, 1976. He argues that the addition of the suffix "Jr." undermines the validity of the minute entries, but on this record, the evidence of the same birthdate and the unique nature of Antwine's name, including the same middle name, was sufficient to prove his two prior felony convictions.

### C. The Superior Court Incorrectly Imposed a Mandatory Fine.

¶11           As urged by the State and without objection from the defense, the court calculated the value of the seized marijuana and multiplied that value by three to impose a fine of $72,000 pursuant to A.R.S. § 13-3405.

Antwine argues the superior court erred by imposing a mandatory fine for a completed offense under A.R.S. § 13-3405 when he was convicted of a preparatory offense under A.R.S. § 13-1001. We review for fundamental error because he failed to object. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). However, the "imposition of an unauthorized fine renders a criminal sentence illegal," and an illegal sentence is fundamental error. *State v. McDonagh*, 232 Ariz. 247, 248–49, ¶ 7 (App. 2013).

**¶12**        Antwine is correct. A.R.S. § 13-3405(D) states, in relevant part:

> . . . the court shall order a person who is convicted of a violation of any provision of this section to pay a fine of not less than seven hundred fifty dollars or three times the value as determined by the court of the marijuana involved in or giving rise to the charge, whichever is greater . . .

The statute only applies to offenses listed in A.R.S. § 13-3405, and the only offenses listed are completed offenses. The mandatory fine does not apply to other offenses. Attempt is a preparatory offense that is "separate and distinct from substantive offenses." *State v. Cornish*, 192 Ariz. 533, 536, ¶ 10 (App. 1998) (citation omitted).

**¶13**        The jury found Antwine guilty of attempted possession of marijuana for sale, a preparatory offense proscribed by A.R.S. § 13-1001. Therefore, the mandatory fine specified by § 13-3405 does not apply to Antwine. The State concedes error, and both parties recommend remanding the case for a redetermination of the fine. We agree.

## CONCLUSION

**¶14**        We affirm Antwine's conviction and prison sentence, but vacate the fine imposed and remand to the superior court for redetermination of the fine consistent with A.R.S. § 13-801(A).

