NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHERROD QUINTELL SHERVINGTON, *Appellant.*

No. 1 CA-CR 19-0225
FILED 7-16-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-002295-001
The Honorable Douglas Gerlach, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1        Sherrod Quintell Shervington appeals from a sentence imposed after a jury convicted him of two counts of aggravated driving under the influence ("aggravated DUIs") and one count of false reporting to law enforcement.  Shervington argues the court made multiple mistakes in his sentencing, resulting in an illegal sentence.  The State agrees that there was a sentencing error on one of the counts, and we modify the superior court's order to reflect the proper sentence for that count.  We otherwise affirm Shervington's convictions and sentences, as clarified below.

## FACTS AND PROCEDURAL HISTORY

¶2        Shervington was convicted by a jury of driving while having a prescribed drug in his body with a suspended or revoked license, a class 4 felony ("count two"); driving while having a prescribed drug in his body with a minor in the car, a class 6 felony ("count four"); and false reporting to law enforcement, a class 1 misdemeanor ("count five").

¶3        After the verdict, the superior court heard evidence that Shervington had historical prior felony convictions ("HPFC") and accepted a stipulation that he was on probation at the time of the offenses.  The State alleged Shervington had three prior felony convictions, only two of which qualified as historical priors.  At sentencing, the court found all three prior convictions were historical priors and that Shervington was on probation at the time of the offenses.

¶4        On count two, a class 4 felony, the court sentenced Shervington to a presumptive prison term of 10 years as a category-three repetitive offender under Arizona Revised Statutes (A.R.S.) § 13-703(J).  On count four, the court treated the offense as a class 4 felony and sentenced Shervington as a non-repetitive offender to a concurrent prison term of 2.5 years.  *See* A.R.S. § 13-702(D) (2020).  In addition, the court imposed $4,622.50 in fines and assessments for each count, citing A.R.S. § 13-3405.

2

**¶5**        With authorization from the trial court, Shervington filed a delayed notice of appeal.  Ariz. R. Crim. P. 31.2(a)(3).  This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, as well as A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(4).

**DISCUSSION**

**¶6**        Shervington does not contest his convictions but alleges several sentencing errors.  Because Shervington raises these issues for the first time on appeal, this court reviews his sentence for fundamental error.  *State v. Henderson*, 210 Ariz. 561, 563, ¶ 1 (2005).  To obtain relief, a defendant must prove there was error, that the error was fundamental, and that the error was prejudicial.  *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).  Imposition of an illegal sentence constitutes fundamental error that will be reversed on appeal.  *State v. Cox*, 201 Ariz. 464, 468, ¶ 13 (App. 2002).

I.        Count Four Sentencing Guidelines

**¶7**        Shervington raises two issues regarding the sentence on count four.  First, he contends, and the State concedes, that the court erroneously sentenced him as if the crime was a class 4 felony, not a class 6 felony.  *See* A.R.S. § 28-1383(O)(2).  Treating the crime as a non-repetitive, non-dangerous offense, the court sentenced Shervington to a presumptive term of 2.5 years.  The presumptive term for a non-repetitive, non-dangerous class 6 felony, however, is one year.  A.R.S. § 13-702(D).  Because the court erred in treating count four as a class 4 felony rather than a class 6 felony, an unlawful sentence was imposed.  We need not remand, however, because Shervington was on probation at the time he committed the offenses, and a sentence below the presumptive term is therefore unavailable.  *See* A.R.S. § 13-708(C) ("A person who is convicted of any felony offense . . . that is committed while the person is on probation for a conviction of a felony offense . . . shall be sentenced to a term of not less than the presumptive sentence.").  A sentence above the presumptive term is unavailable because the state did not cross appeal.  *See State v. Dawson*, 164 Ariz. 278, 286 (1990).

**¶8**        This court may correct an unlawful sentence.  A.R.S. § 13-4037(A); *State v. Gourdin*, 156 Ariz. 337, 339 (App. 1988) (extending the power under this statute to this court).  Accordingly, we correct Shervington's sentence on count four from 2.5 years to 1 year.

**¶9**        Shervington also notes that the court erred in sentencing him as a non-repetitive offender on count four.  After the court found at least two historical priors, it should have treated count four as a category-three

repetitive offense instead of a category-one, non-repetitive offense. Although the court should have sentenced Shervington on count four as a category-three repetitive offender, the error benefited Shervington, and this court will not correct an illegally lenient sentence absent a timely appeal from the State. *Dawson*, 164 Ariz. at 286.

II.     Classification of the January 2011 Conviction as a HPFC

¶10        The State alleged that Shervington had three prior convictions, only two of which qualified as historical priors. Shervington argues the superior court erred by finding his January 2011 conviction qualified as a third historical prior. As the State points out, and as Shervington concedes on appeal, the court correctly designated his other two convictions as historical priors. Even if the court erred, therefore, the finding caused him no prejudice because the court sentenced him pursuant to A.R.S. § 13-703(C) ("two or more historical prior felony convictions"). *See State v. Derello*, 199 Ariz. 435, 439, ¶¶ 24-25 (App. 2001) (affirming sentence when the trial court miscalculated the number of historical priors, but the correct calculation left the defendant with two or more historical priors).

III.    Fines Assessed Against Shervington

¶11        The court imposed fines, assessments and surcharges totaling $4,622.50 for each count pursuant to A.R.S. § 13-3405(D). As Shervington argues, that statute applies to drug crimes and does not apply to aggravated DUI offenses. Nevertheless, the court had the power to impose the same amount of financial penalties under Title 28. A.R.S. § 28-1383(J)(2)–(5). "When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary." *State v. Neese*, 239 Ariz. 84, 89, ¶ 24 (App. 2016) (quoting *State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994)). Therefore, the minute entry is amended to reflect the fines under A.R.S. § 28-1383(J)(3) and the remaining assessments arising under A.R.S. §§ 28-1383(J)(2), -1383(J)(4), and -1383(J)(5).

IV.     Consecutive Fines

¶12        The minute entry did not clearly order the fines and assessments in count two and count four to run concurrently. Arizona law requires fines to be concurrent if two separate counts arise out of a single act. *State v. McDonagh*, 232 Ariz. 247, 251, ¶ 18 (App. 2013) (holding that assessments for separate DUI convictions arising from a single act are statutorily required to be concurrent, such that "payment of the Assessments on one count is credited to payment on [the other counts]").

The sentencing order is amended to reflect that the fines and assessments for each count are concurrent.

**CONCLUSION**

**¶13** Shervington's convictions and sentences are affirmed, as modified. As stated above, Shervington is sentenced to concurrent sentences of 10 years' incarceration on count two and 1 year on count four. In addition, the fines and assessments are imposed pursuant to A.R.S. § 28-1383(J)(2)-(5) and run concurrently.



AMY M. WOOD • Clerk of the Court
FILED: AA